**FILED**
**Aug 27, 2025**
**03:52 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT JACKSON

| | | |
|---|---|---|
| **ROBERT NELSON,** | ) | **Docket No.: 2024-70-1398** |
| **Employee,** | ) | |
| **v.** | ) | **State File No.: 860083-2024** |
| **RED ROOF INN,** | ) | |
| **Employer,** | ) | **Judge Robert Durham** |
| **And** | ) | |
| **EMPLOYERS' PREFERRED** | ) | |
| **INS. CO.,** | ) | |
| **Insurer.** | ) | |

---

## EXPEDITED HEARING ORDER DENYING BENEFITS

---

This Court held an Expedited Hearing on August 21, 2025, on Mr. Nelson's request that Red Roof Inn pay benefits for a wrist fracture he allegedly sustained at work. The Court denies Mr. Nelson's request because he is unlikely to prove at trial that his wrist injury primarily arose out of and in the course and scope of his employment.

### History of Claim

Mr. Nelson worked for Red Roof Inn as a general handyman. He testified on direct that on March 16, 2023, he tripped and fell over items on the floor as he was carrying a microwave and injured his right wrist. He also listed March 16 as the date of injury in his petition for benefit determination. Mr. Nelson immediately reported the injury to his supervisor but was not given a panel of doctors.

Mr. Nelson saw "Dr. Johnson" first for his injury, who referred him to orthopedist Kenneth Nord. He received unauthorized treatment from Dr. Nord, who monitored his blood pressure to see if it was safe to operate on his wrist.[1] Mr. Nelson worked for Red Roof Inn during this time.

---

[1] Mr. Nelson did not submit any medical records other than an x-ray of his right wrist after surgery.

1

Dr. Nord performed surgery on November 30, 2023. Mr. Nelson asserted that Red Roof Inn only paid $1,000 of his surgical expenses and did not pay him disability benefits for his time off work. He testified that Dr. Nord took him off work for several weeks after the surgery and then restricted him from lifting more than two pounds. He did not return to work for Red Roof Inn and said that other than an occasional task performed for a friend, he has not worked anywhere since November 30 because of continued pain and limitations.

Mr. Nelson submitted several medical bills totaling several thousand dollars.

For its proof, Red Roof Inn entered Dr. Nord's record of Mr. Nelson's first visit on March 17. According to the note, Mr. Nelson said he suffered a right-wrist injury two and a half months earlier. The record did not include a description of how the injury occurred or attribute causation to Mr. Nelson's work. Dr. Nord determined that Mr. Nelson suffered from a "scaphoid nonunion with advanced collapse deformity with severe bone-on-bone arthritis of the radial scaphoid joint." He also diagnosed early arthritis in other parts of the wrist.

Red Roof Inn additionally provided an intake form from a pain clinic dated February 20, 2024. The form, signed by Mr. Nelson, stated that his injury occurred on February 16, 2023. Mr. Nelson said that his fiancée filled out the form because he could not understand it.

As to the date of injury, Mr. Nelson testified on cross-examination that the injury occurred on March 6, 2023. He said his former counsel completed the documents stating that the injury happened on March 16, and she told him that the actual date of injury was not important when filling out forms and other documentation.

**Findings of Fact and Conclusions of Law**

Mr. Nelson must prove a likelihood of prevailing at a hearing on the merits that he is entitled to the requested benefits. Tenn. Code Ann. § 50-6-239(c)(6) (2024).

To prove causation, Mr. Nelson must establish a specific incident, identifiable by time and place of occurrence, and primarily arising out of and in the course and scope of employment. *Id.* § 50-6-102(12)(A). Further, causation must be proven to a "reasonable degree of medical certainty," which requires an expert medical opinion. *Id.* § 50-6-102(12)(C).

While Mr. Nelson suffered an injury to his right wrist, the Court is not convinced that it happened at work. Mr. Nelson's assertion that it did is unsupported by the record. No witnesses confirmed his testimony, and none of the medical records addressed causation or even mentioned how his injury occurred.

The date of the alleged injury is also in question. Mr. Nelson's petition for benefit determination said the injury occurred on March 16. Dr. Nord's March 17 record said that Mr. Nelson told him it occurred two and a half months earlier. The pain clinic new patient form listed February 16, and Mr. Nelson first testified at the hearing that it occurred on March 16 and then revised his testimony on cross-examination by saying it happened on March 6. These varying dates, without corroborating evidence, call Mr. Nelson's credibility into question.

Thus, the Court holds that Mr. Nelson has not shown he is likely to prove that he suffered an injury to his right wrist while working for Red Roof Inn. His request for benefits is denied at this time.

This case is set for a Scheduling Hearing on **October 15, 2025, at 10:00 a.m. Central Time**. The parties must call 615-253-0010. Failure to appear might result in a determination of the issues without the party's participation.

IT IS ORDERED.

**ENTERED August 27, 2025.**

**ROBERT DURHAM, JUDGE**
**Court of Workers' Compensation Claims**

3

Exhibits:
1. Petition for Benefit Determination
2. Mr. Nelson's responses to Requests for Production of Documents
3. Dr. Nord's March 17 record
4. Advanced Rehab New Patient Form
5. Text chain
6. Mr. Nelson's timecards
7. Medical Bills
8. X-ray

## CERTIFICATE OF SERVICE

I certify that a copy of the Order was sent as indicated on August 27, 2025.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Robert Nelson | X | | X | Nelsonrobert196722@gmail.com<br>2262 N. Highland Avenue, Apt. 244<br>Jackson, TN 38305-4952 |
| W. Troy Hart<br>Megan Jones | | | X | wth@mijs.com<br>majones@mijs.com<br>dmduignan@mijs.com |

_____

**PENNY SHRUM, Court Clerk**
WC.CourtClerk@tn.gov



<u>Right to Appeal:</u>

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
   - ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
   - ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.

   When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

   **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties
**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*